# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES DENNIS PRICE,

       Petitioner,                     Civil Case No. 16-12623

                                         Criminal Case No. 99-80737

v.                                   Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER GRANTING GOVERNMENT'S UNOPPOSED
## MOTION TO STAY § 2255 LITIGATION PENDING THE
## SUPREME COURT'S DECISION IN *BECKLES V. UNITED STATES*

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         January 9, 2017        

PRESENT:    Honorable Gerald E. Rosen
                    United States District Judge

In a judgment entered on March 22, 2000, Petitioner James Dennis Price was sentenced to a 170-month term of imprisonment following his guilty plea to a single count of bank robbery. In Petitioner's Rule 11 plea agreement and accompanying worksheets, the parties agreed that Petitioner's sentencing range under the U.S. Sentencing Guidelines was 151 to 188 months, based in significant part on the application of the career offender provision at § 4B1.1 of the Guidelines.

Through a motion filed on July 14, 2016, Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015), and the Sixth Circuit's subsequent ruling in *United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016), his prior conviction in a Michigan court for armed robbery no longer qualifies as a "crime of violence" as that term is defined in § 4B1.2(a) of the Guidelines.  Petitioner further contends that if this prior conviction no longer counts as a "crime of violence," he lacks the two prior convictions that could properly trigger career offender status under § 4B1.1 of the Guidelines.

In lieu of a response to Petitioner's motion, the Government has moved to stay these § 2255 proceedings pending the Supreme Court's decision in *Beckles v. United States,* No. 15-8544, *cert. granted,* 136 S. Ct. 2510 (2016).[1]  In support of this request for a stay, the Government observes that *Beckles* promises to resolve three questions that are relevant, and perhaps dispositive, here:  (i) whether the Supreme Court's holding in *Johnson* invalidating the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), applies to the identically-worded residual clause in § 4B1.2(a)(2) of the Guidelines; (ii) if so, whether the

_____

[1]*Beckles* was argued on November 28, 2016, and a ruling could be issued at any time between now and the end of the Supreme Court's term in June of this year.

invalidation of § 4B1.2(a)(2)'s residual clause under the reasoning of *Johnson* should apply retroactively on collateral review; and (iii) what role the commentary to § 4B1.2 should play, in the wake of *Johnson,* in determining whether a given offense qualifies as a "crime of violence."

Under essentially the same circumstances presented here, both the Sixth Circuit and other courts in this District have deemed it appropriate to hold § 2255 motions in abeyance pending the Supreme Court's decision in *Beckles.  See, e.g., In re Patrick,* 833 F.3d 584, 589-90 (6th Cir. 2016); *In re Embry,* 831 F.3d 377, 382 (6th Cir. 2016); *United States v. Vaughn,* No. 04-80983, 2016 WL 7385723, at *2 (E.D. Mich. Dec. 21, 2016); *United States v. Pary,* No. 13-20142, 2016 WL 4376207, at *1 (E.D. Mich. Aug. 17, 2016); *United States v. Rodriguez,* No. 13-20405, 2016 WL 4124096, at *1 (E.D. Mich. Aug. 3, 2016).  Upon reviewing these decisions and others to the same effect, the Court agrees that a stay is likewise warranted in this case, so that the Supreme Court may address, and perhaps resolve, the above-cited questions that may prove decisive here. Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Government's September 8, 2016 motion to stay this § 2255 litigation pending the Supreme Court's decision in *Beckles v. United States* (docket #28) is GRANTED.  IT IS FURTHER ORDERED that the present § 2255 proceedings are STAYED pending a ruling in *Beckles* or until further order of this Court.  Once the Supreme Court issues its decision in *Beckles,* the Court will establish a schedule for further briefing on Petitioner's § 2255 motion.

s/Gerald E. Rosen_____
United States District Judge

Dated:  January 9, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2017, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

4