UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DENNIS PRICE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 16-cv-12623
Case No. 99-cr-80737

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION TO VACATE SENTENCE [24]**

**I. INTRODUCTION**

On July 21, 1999 James Dennis Price ("Price" or "Petitioner") was indicted on a charge of bank robbery, 18 U.S.C. § 2113(a). Dkt. No. 1. Price pleaded guilty on March 28, 2000 and was sentenced to 170 months imprisonment. Dkt. No. 15. Presently before the Court is Petitioner's Motion to Vacate Sentence [24], filed July 14, 2016. For the reasons that follow, the Court **DENIES** Petitioner's motion.

**II. FACTUAL BACKGROUND**

Judgment was entered on Price's guilty plea to Count One, Bank Robbery, 18 U.S.C. § 2113(a) on March 22, 2000. Dkt. No. 15. His sentence was pursuant to the Career Offender guideline of the United States Sentencing Guidelines § 4B1.1, which allows for sentence enhancement based on prior convictions of a "crime of

violence," defined under § 4B1.2(a). Dkt. No. 24, p. 1 (Pg. ID 52). Price's sentence enhancement was based on two prior convictions: a 1974 Robbery conviction out of Seneca County, Ohio and a 1982 Armed Robbery conviction from Lansing, Michigan. *Id*. Price argues that his prior for Michigan Armed Robbery no longer qualifies as crimes of violence under the Career Offender guidelines under the holdings in *Johnson v United States*, 135 S. Ct. 2551 (2015) and *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016).

### III. LEGAL STANDARD

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to challenge the legality of his or her detention. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A federal prisoner may do this by filing a motion with the imposing court, seeking to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion for constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). The "substantial and injurious effect" standard is in essence an assessment of the prejudicial impact of the constitutional violation. *See McCary v. Lewis*, 255 F. App'x 78, 79 (6th Cir. 2007) (citing *Fly v. Pliler*, 551 U.S. 112 (2007)).

## IV. DISCUSSION

### A. The Career Offender Guidelines

The United States Sentencing Guidelines allow a defendant to be adjudged a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4131.1(a). The Guidelines define a "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2.

### B. A *Johnson*-Based Challenge to the Guidelines

The Supreme Court held in *Johnson v. United States* that the imposition of an increased sentence under the Armed Career Criminal Act's (ACCA) residual clause violates due process, as guaranteed by the Fifth Amendment of the United

States Constitution, because the residual clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. The Supreme Court further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id*. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court clarified that *Johnson* constituted a new substantive rule, and thus had a retroactive effect in cases on collateral review. *See also In re Watkins*, 810 F.3d 375, 377 (6th Cir. 2015) (determining that *Johnson* constituted "a new rule of constitutional law, made retroactive to cases on collateral review").

The Sixth Circuit found that the Sentencing Guidelines' residual clause was constitutionally vague based on *Johnson*, *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), but this decision was recently abrogated by the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. March 6, 2017). In *Beckles*, the Supreme Court held that the United States Sentencing Guidelines are "not amendable to vagueness challenges." *Id*. at *7. As a result, the *Johnso*n decision does not provide a basis for vacating, setting aside, or correcting Price's sentence.

As the sole basis for seeking to vacate Price's sentence was premised on a *Johnson*-based challenge to sentence enhancement based on prior convictions of a "crime of violence," defined under § 4B1.2(a), and such a challenge is no longer

-4-

permissible under the holding in *Beckles*, Price's motion must be denied.

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [24] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* FED. R. APP. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; FED. R. APP. P. 22(b).

    **IT IS SO ORDERED**.

Dated:     March 29, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge