UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DENNIS PRICE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 16-cv-12623
Case No. 99-cr-80737

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION [33]**

**I. INTRODUCTION**

On July 21, 1999 James Dennis Price ("Price" or "Petitioner") was indicted on a charge of bank robbery, 18 U.S.C. § 2113(a). Dkt. No. 1. Price pleaded guilty on March 28, 2000 and was sentenced to 170 months imprisonment. Dkt. No. 15.

Price filed a motion to vacate sentence in July 2016, Dkt. No. 24, which the Court denied in March 2017, Dkt. No. 32, based on the Supreme Court's recent ruling in *Beckles v. United States*, 137 S. Ct. 886 (2017).

Presently before the Court is Price's Motion for Reconsideration [33], filed April 11, 2017. For the reasons that follow, the Court **GRANTS** Price's motion [33].

## II. FACTUAL BACKGROUND

Judgment was entered on Price's guilty plea to Count One, Bank Robbery, 18 U.S.C. § 2113(a) on March 22, 2000. Dkt. No. 15. His sentence was pursuant to the Career Offender guideline of the United States Sentencing Guidelines § 4B1.1, which provided for a sentence enhancement based on prior convictions of a "crime of violence," defined under § 4B1.2(a). Dkt. No. 24, p. 1 (Pg. ID 52). Price's sentence was enhanced based on his history of prior robbery convictions: a 1974 Robbery conviction out of Seneca County, Ohio and a 1982 Armed Robbery conviction from Lansing, Michigan. *Id.*

## III. LEGAL STANDARD

Under this Court's Local Rules, the Court may not grant a motion for reconsideration that merely presents the same issues upon which the Court already ruled. E.D. Mich. LR 7.1(h)(3) (E.D. Mich. July 1, 2013). Additionally, the movant must demonstrate that there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *Id.*; *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## IV. DISCUSSION

Price filed his § 2255 motion more than one year after the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court stayed the case, without objection from Price, pending the outcome in *Beckles v. United States*, 137 S. Ct. 886 (2017). Dkt. No. 30. Because Price had never argued that *Beckles* was inapplicable to his case, this Court denied his motion to vacate based on the majority's reasoning in *Beckles*. *See* Dkt. No. 32.

In his motion for reconsideration, Price offered new argument distinguishing his case from the Supreme Court's reasoning in *Beckles* because he was sentenced while the Sentencing Guidelines were mandatory, rather than advisory. Dkt. No. 33. Although Price's original motion to vacate never mentioned *United States v. Booker*, 543 U.S. 220 (2005) or argued based on the mandatory nature of the guidelines in 2000, Price could not have foreseen that the majority's reasoning in *Beckles* would make such an argument necessary. The parties expanded upon this new argument in the court-ordered supplemental briefing. *See* Dkt. Nos. 36–38.

After receiving additional briefing on this issue, the Court is persuaded that *Beckles* may not control in this instance because its language was tailored to the advisory nature of the Sentencing Guidelines, post-*Booker*. However, based on several new issues presented for the first time in supplemental briefing, including whether Price's motion is untimely or barred by procedural default, the Court is not

prepared to rule on his motion to vacate without more comprehensive briefing on the merits of his motion.

## V. Conclusion

For the reasons discussed above, the Court **GRANTS** Price's Motion for Reconsideration [33]. Price must file supplemental pleadings on the Motion to Vacate by July 11, 2017. The Government's response is due by July 25, 2017. Price's reply is due by August 1, 2017.

**IT IS SO ORDERED**.

Dated:    June 21, 2017

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge