UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DENNIS PRICE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 16-cv-12623
Case No. 99-cr-80737

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER DENYING PRICE'S
MOTION TO VACATE SENTENCE [24]**

**I. INTRODUCTION**

On July 21, 1999 James Dennis Price ("Price" or "Petitioner") was indicted on a charge of bank robbery, 18 U.S.C. § 2113(a). Dkt. No. 1. Price pleaded guilty on March 28, 2000 and was sentenced to 170 months imprisonment. Dkt. No. 15. Price filed a Motion to Vacate Sentence on July 24, 2016, Dkt. No. 24, which the Court denied on March 29, 2017, Dkt. No. 32. The Court granted reconsideration of its decision, Dkt. No. 39, to consider additional arguments on Price's motion with the aid of supplemental briefing, Dkt. Nos. 40–43.

For the reasons that follow, the Court will again **DENY** Price's motion.

## II. FACTUAL BACKGROUND

Judgment was entered on Price's guilty plea to Count One, Bank Robbery, 18 U.S.C. § 2113(a) on March 22, 2000. Dkt. No. 15. His sentence was pursuant to the Career Offender guideline of the United States Sentencing Guidelines § 4B1.1, which allows for sentence enhancement based on prior convictions of a "crime of violence," defined under § 4B1.2(a). Dkt. No. 24, p. 1 (Pg. ID 52). At the time of Price's sentence, the United States Sentencing Guidelines were deemed mandatory. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

Price's sentence enhancement was based on two prior convictions: a 1974 Robbery conviction out of Seneca County, Ohio and a 1982 Armed Robbery conviction from Lansing, Michigan. Dkt. No. 24, p. 1 (Pg. ID 52). Price argues that his prior for Michigan Armed Robbery no longer qualifies as crimes of violence under the Career Offender guidelines under the holdings in *Johnson v United States*, 135 S. Ct. 2551 (2015), as *Beckles v. United States*, 137 S.Ct. 886, 894 (2017) only addressed the advisory guidelines.

## III. LEGAL STANDARD

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to challenge the legality of his or her detention. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A federal prisoner may do this by filing a motion with the imposing court, seeking to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). To prevail

on a § 2255 motion for constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). The "substantial and injurious effect" standard is in essence an assessment of the prejudicial impact of the constitutional violation. *See McCary v. Lewis*, 255 F. App'x 78, 79 (6th Cir. 2007) (citing *Fly v. Pliler*, 551 U.S. 112 (2007)).

## IV. DISCUSSION

### A. Timeliness of Price's Motion

As an initial note, the Government argues that Price's motion was untimely. Dkt. No. 37, pp. 3–4 (Pg. ID 104–05). Based on recent Sixth Circuit precedent, *see Raybon v. United States*, No. 16-2522, 2017 WL 3470389, at *2–3 (6th Cir. Aug. 14, 2017), the Court must agree that Price's § 2255 petition was untimely.

A petitioner must file his or her § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "As a general matter, convictions become final upon conclusion of direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). If a federal criminal defendant does not appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of

appeals[.]" *Id.*[1]

In the present case, the district court entered judgment on March 22, 2000. Dkt. No. 15. Price did not pursue a direct appeal. Thus, the latest date that Price could have filed his § 2255 motion would have been one year and ten days later, April 1, 2001. Price did not file his § 2255 motion until July 14, 2016. Dkt. No. 24. His petition is therefore untimely unless he satisfies one of the exceptions found in § 2255(f).

Price asserts that his petition is timely because it was filed on July 14, 2016, slightly more than one year after the Supreme Court's decision in *Johnson v United States*, 135 S. Ct. 2551 (2015). Dkt. No. 38, p. 2 (Pg. ID 117). He further asserts that this potential late filing was a result of oversight from his counsel that should not be held against him. *Id*. Based on these arguments, the Court interprets Price as arguing that his petition is timely under § 2255(f)(3), which provides that a § 2255 petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

---

[1] At the time of Price's sentencing, it appears that the time limit to appeal was ten days, pursuant to FED. R. APP. P. 4(b)(1), which could be extended an additional thirty days where "excusable neglect or good cause" was shown, FED. R. APP. P. 4(b)(4). *See Sanchez-Castellano*, 358 F.3d at 427. Federal Rule of Appellate Procedure 4(b)(1)(A) now provides for fourteen, rather than ten, days for a defendant to appeal in a criminal case.

As the Sixth Circuit recently summarized in *Raybon*:

*Johnson 2015* held that the residual clause of the ACCA is unconstitutionally vague because it "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson* 2015, 135 S.Ct. at 2557. In *Welch v. United States*, the Supreme Court held that Johnson 2015 announced a new substantive rule that has retroactive effect in cases on collateral review. 136 S.Ct. 1257 (2016). *See also In re Watkins*, 810 F.3d 375, 379, 382 (6th Cir. 2015) (same; issued prior to *Welch*).

*Beckles* decided that *Johnson 2015* does not apply to the advisory sentencing guidelines. *See Beckles v. United States*, 137 S.Ct. 886, 894 (2017). And whether it applies to the mandatory guidelines, which contain identical language as the ACCA provision at issue in *Johnson 2015*, is an open question. . . .

Because it is an open question, it is not a "right" that "has been newly recognized by the Supreme Court" let alone one that was "made retroactively applicable to cases on collateral review." *See* § 2255(f)(3).

2017 WL 3470389 at *2–3. Accordingly, Price's motion does not qualify under § 2255(f)(3) because he is asking the Court to recognize a new right, unrecognized by the Supreme Court. *Id.* at *3. Price's § 2255 motion was untimely based on the binding precedent set by the Sixth Circuit in *Raybon*.

## V. CONCLUSION

For the reasons discussed above, Price's § 2255 motion [24] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be frivolous. Therefore, this Court will **DENY** Price leave to proceed *in forma pauperis* on

appeal. *See* FED. R. APP. P. 24. Price having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; FED. R. APP. P. 22(b).

    **IT IS SO ORDERED**.

Dated:    August 18, 2017

    /s/Gershwin A Drain
    HON. GERSHWIN A. DRAIN
    United States District Court Judge